JAMES P. CONNER AND WILLIAM C. CONNER, EXECU-
TORS, ETC., OF WILLIAM C. CONNER, DECEASED, APPELLANTS,
*v.* MARTIN J. KEESE, RESPONDENT, IMPLEADED, ETC.

*Practice — increased costs in an action against a public officer — when not allowed in an action upon an indemnity bond — Code of Civil Procedure, sec. 3258, sub. 1.*

An action, brought by a sheriff against a deputy and the sureties upon a bond given by such deputy to insure the faithful performance of the duties of his office, to recover for a breach of the conditions thereof, is not an action in which the defendants, if successful, are entitled to increased costs under subdivision 1 of section 3258 of the Code of Civil Procedure.

APPEAL from an order made at the New York circuit, denying a motion to vacate a certificate that the defendant was entitled to costs, and from an order of the Special Term, denying the plaintiff's motion to readjust the costs by striking out $127.50.

*Henry Thompson,* for the appellants.

*George W. Stephens,* for the respondent.

DAVIS, P. J. :

This action was brought upon a bond of indemnity given by the defendant Martin J. Keese and the other defendants in the action, as sureties for the faithful performance of his duties as a deputy

sheriff. The sheriff seeks to recover damages sustained by reason of a breach of the bond.

At the trial the defendants succeeded. A certificate was given by the trial judge that the defendants were entitled to increased costs. A motion was made at the Special Term to vacate this certificate and to readjust the costs by striking out the sum of $127.50, which represents the increased costs. The motion was denied.

The action being upon a bond of indemnity, it was not within the provisions of section 3258 of the Code, subdivision 1. It was not an action "brought by reason of an act done by him by virtue of his office, or an alleged omission by him to do an act which it was his official duty to perform." That section relates to actions brought against a public officer by a party alleged to have been injured by the official action or the omission to act of such officer directly affecting him or his property. The motion should therefore have been granted and the order should be reversed in both respects, as the defendant was not entitled to the certificate or to the increased costs.

Order reversed and motion granted, without costs.

Brady and Daniels, JJ., concurred.

Order reversed and motion granted, without costs.